# 8155

COURT OF APPEAL

PARISH OF ORLEANS.

MRS. FANNIE FLEMMING et als

versus

MRS. JOSEPHINE JONES, et als.

8155

Dinkelspiel; J.

This litigation arises on the following facts:

The petition of Mrs. Fannie Jones, wife of David Flemming, James Dodds, Susan McLane, wife of Charles Millian and Mrs. Fannie McLane wife of Wilson Davids, shows that your petitioners are the sole and only ~~surviving~~ surviving heirs of the late/Marshall Williams, who died in this city on or about April
Mary Blakeley, wife of
27th, 1910, intestate, and alleging further that Mary Blakeley, wife of Marshall Williams, left certain property hereinafter described and which was acquired during and belonged to the Community of acquets and gains existing between said decedant and her husband Marshall Williams, who died September 19th, 1917, and whose succession has been opened on the docket of this Honorable Court, and alleging further that at the death of the said Mary Blakeley, wife of Marshall Williams, her community interest in said property was inherited by your petitioners in the proportion of one-quarter of the one-half, to each, and then follows description of the property.

And further alleging that said Marshall Williams on August 17th, 1917, by act before Robert O'Connor, atempted to sell and transfer with the right of redemption within one year, from the date thereof, to one Arthur Ruiz, the property described and that your petitioners are the owners of one undivided half of said property in indivision with Mrs. Josephine Brunet, wife of Thomas Jones and was sent into possession of the estate of said Marshall Williams and that petitioners no longer desire to
                                        with
remain in indivision/    their co-owners of said property and that a sale thereof is necessary to affect a partition between them and the prayer is that they be recognized as the sole heirs
                                        declared
of the said Mary Blakeley and be/          to be the owners in indivision of one-half of the real estate hereinabove mentioned and there be a judgment directing a partition thereof by licitation and the said property be ordered sold at public auction for

200

cash and finally that there be judgment in favor of your petition-
ers and for all general and equitable relief.

The answer, after sundry exceptions filed were
properly overruled, denies all and singular the allegations the
petition contained and the parties named are the heirs of the
property claimed, because their parantex ancestors were not mar-
ried under the laws of the State of Louisiana and therefore these
parties are without rights in the premises and prays that peti-
tion be dismissed.

We have carefully examined the record in this
case, together with the testimony adduced.

All the witnesses, Susan McLane, Haggar Connors,
Oscar Pilman, Mary Jones, James Dodds and Fannie Davis, together
with the testimony of Mrs. Fannie Flemming, established the marp
riage of the ancestors of the parties in question beyond a ques-
tion of a doubt in so far as it is possible to do so in cases of
this character, where the parties in question were at the time
of the marriage, slaves, but in our opinion from the testimony
and all surrounding circumstances we axxxxixxfkxd are satisfied
the marriage between the parties named, their cohabitation and
living together for years, their acknowledgment of the marriage
all prove that fact.

It would be useless to copy in this record and
totally unnecessary, all the evidence in this case, but it es-
tablishes without doubt the facts above stated.

Our Supreme Court in many proceedings has de-
cided this question, commencing with the 6th La. Rep. p 470,
where it was held:

"Marriage is regarded in no other light than a
civil contract highly favored.

Marriage may be proved by any species of evi-
dence not prohibited by law, which does not pre-suppose a high-
er species of evidence in the power of parties; cohabitation as

And in the 13th La. Rep. p. 109, Hosea's widow and heirs vs. Miles.

"Heirship may be established by parole evidence."

44 Ann. 63. Succession of Llula.

"Cohabitation and the reputation of being man and wife, birth of children, giving the name of the father, creates a presumption of previous marriage."

51st Ann. p. 1597, Succession of Fortier.

"It has been repeatedly declared that the law does not declare null, marriages, in which the law relating to forms and ceremonies have not been observed; that marriage may be proved by any species of evidence not prohibited by law, which does not pre-suppose a higher species of evidence within the power of the party."

All tend to establish the fact that cohabitation and living together of parties for years as married people, and recognized as such by their friends and neighbors determines that question.

The only argument attempted to be advanced contrary to this both orally and by brief of parties defendant is that the evidence adduced is/biased/and therefore inadmissible.

and hearsay

The Judge of the Court aqua who heard and saw these witnesses, all of them, was of the contrary opinion, and so are we.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court aqua be and the same is hereby affirmed.

-Judgment affirmed-